IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:19-CV-00748-NCT-JEP

CYNTHIA BARBOUR, in her )
capacity as Trustee under the )
Admiration M Trust, )
JULIA LUNN, individually and )
in her capacity as Trustee )
under the Admiration M Trust, )
and ADAM SPIEGEL, ) PLAINTIFFS' BRIEF IN SUPPORT OF
) PLAINTIFFS' MOTION FOR REMAND
)
    Plaintiffs, )
)
    vs. )
)
TD AMERITRADE, INC., STEVEN )
KEARNS, and LAUREN SCOTT, )
)
)
    Defendants. )

**COME NOW** the Plaintiffs, Cynthia Barbour and Julia Lunn, co-trustees of the Admiration M Trust under written agreement dated November 17, 2011, and pursuant to Rule 7 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1441, and hereby move to REMAND this action to the Superior Court of Guilford County, North Carolina.

I. **PROCEDURAL BACKGROUND**

Plaintiffs filed the complaint in this action on July 18, 2019 in the Superior Court of Guilford County (the "State Court")seeking a declaratory judgment, reformation of a beneficiary designation, and injunctive relief. The Plaintiffs'

1

complaint asserts no federal question. All claims asserted in the Plaintiffs' complaint raise issues solely of state law. That same day the Plaintiffs' motion for a temporary restraining order was heard in State Court. Following a hearing the State Court granted Plaintiff's motion for a temporary restraining order to restrain the Defendant TD Ameritrade from disbursing certain funds until there was a final decision on the merits (the "TRO").

By the terms of the TRO, it expires at 11:59 p.m. on July 29, 2019. Accordingly, the State Court ordered that the Plaintiffs' Motion for a Preliminary Injunction be heard at 10:00 a.m. on July 29, 2019. Copies of the TRO were emailed to all defendants the same day the TRO was entered and were sent facsimile to Defendant TD Ameritrade. Affidavit of Plaintiff's Counsel, ¶ 2 and Exhibit A thereto ("Tippett Affidavit"). The cover letter transmitting the TRO to the parties notified them of the scheduled hearing on the Plaintiffs' Motion for a Preliminary Injunction. *Id.* Plaintiffs' Motion for a Preliminary Injunction also appeared on the State Court's regularly published motions calendar. Tippett Affidavit, ¶ 7, Exhibit D thereto.

On Thursday, July 25, 2019, despite the lack of complete diversity among the parties, the Defendants Steven Kearns and Lauren Scott removed the State Court action to this Court. Plaintiffs now move to remand this action to the Superior Court of Guilford County, North Carolina.

2

## II. STANDARD OF REVIEW

28 U.S.C. § 1441 governs removal of state court actions to federal court. Under that provision, Defendants Kearns and Scott could remove the case only if the Plaintiffs' "state-law claims could have been brought in federal court originally, based on some independent source of federal jurisdiction." *Burrell v. Bayer Corp.*, 918 F.3d 372, 378 (4th. Cir. 2019), *quoting*, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Under 28 U.S.C. § 1441, removal is limited to two distinct grounds.

First, if a federal claim is asserted in the state court action, the state court action may be removed to federal court. *Burrell, supra.* Defendants Kearns and Scott concede in their Petition for Removal that no federal question exists. Accordingly, federal question jurisdiction is inapplicable as a basis for removal.

The only other basis for removal under 28 U.S.C. § 1441, and the only other basis for a federal district court to have subject-matter jurisdiction, is diversity of citizenship. For a federal district court to acquire subject-matter jurisdiction based on diversity of citizenship, complete diversity must exist. Where a plaintiff and a defendant reside in the same state, diversity does not exist and a federal district court does not have subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1).

<mark>3</mark>

<mark>Case 1:19-cv-00748-NCT-JEP   Document 4   Filed 07/26/19   Page 3 of 12</mark>

Upon motion for remand, the burden is on the party seeking removal to demonstrate the existence of the federal district court's jurisdiction. *See Pressi v. Appalachian Power Company*, 842 F.3d 299 (4th. Cir. 2016). "If federal jurisdiction is doubtful, a remand is necessary." *Pressi, 842 F.3d at 302, quoting, Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Much like a motion to dismiss, when asked to rule on a motion for remand, the "district court must assume as true all factual allegations of the complaint." *Steel Valley authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3rd. Cir. 1987), *citing, Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), cert. denied, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). "The district court was required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assur. Co. Of America*, 992 F.2d 181, 183 (8th Cir. 1993), citing, *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987), cert. dismissed, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

Finally, because these issues go to the very core of the federal court's subject-matter jurisdiction, a federal court can raise the issue of remand *sua sponte* and is "obliged to address the propriety of removal as a threshold matter even though neither party has raised a question in that regard." *American*

*Policyholders Ins. Co. v. Nyacol Prods.*, 989 F.2d 1256, 1258 (1st Cir.1993) (citing *Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511-12, 28 L.Ed. 462 (1884)), *cert. denied sub nom. Keough v. American Policyholders Ins. Co.*, 510 U.S. 1040, 114 S.Ct. 682, 126 L.Ed.2d 650 (1994). No evidentiary hearing is required. *In re Business Men's Assur. Co. Of America*, *supra.*

## III. DEFENDANTS KEARNS' AND SCOTT'S REMOVAL PETITION IS DEFECTIVE, AND REMAND IS PROPER.

### A. **Defendant TD Ameritrade Has Not Joined In the Removal Petition.**

Defendants Kearns and Scott incorrectly state that Defendant TD Ameritrade, Inc. has not been served and, therefore, Defendant TD Ameritrade's consent is not necessary. Defendant TD Ameritrade was served on July 19, 2019, pursuant to North Carolina Rule of Civil Procedure 4(j)(1)(d) by Federal Express delivered to Incorporating Services, Ltd., TD Ameritrade, Inc's registered agent for the State of North Carolina.[1] Affidavit of Plaintiff's Counsel, ¶¶ 4 and 5 and Exhibits B and C thereto (Federal Express Delivery Confirmation). Service was effective upon Defendant TD Ameritrade's registered agent's receipt of the

---

[1] N.C.R.Civ.Pro. 4(j)(1)(d) permits any service by delivery by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2). FedEx is a designated delivery service pursuant to 26 U.C.S. 7502(f)(2). IRS Notice 2016-13 (April 13, 2016).

5

Federal Express package containing the summons and complaint. N.C.R.Civ.P. 4(j)(6)(d). As a result, Defendant TD Ameritrade was served almost a week ***prior*** to the date Defendants Kearns and Scott filed their removal petition.

Because Defendant TD Ameritrade had been served at the time the removal petition was filed, Defendant TD Ameritrade's joinder in the removal petition is necessary. Defendants Kearns and Scott concede in their removal petition that Defendant TD Ameritrade has not been joined in the removal petition. Without Defendant TD Ameritrade's joinder, the removal petition is fatally flawed and remand is required.

**B. Complete Diversity of Citizenship Does Not Exist.**

Plaintiffs' complaint alleges, and Defendants Kearns and Scott admit in their removal petition that Defendant Scott is a resident of New York. Plaintiffs' complaint alleges that Plaintiff Adam Spiegel is also a resident of New York.[2] Further, as the Defendants Kearns and Scott admit, Defendant TD Ameritrade. Where a plaintiff and defendant reside in the same state, complete diversity does not exist. 28 U.S.C. § 1332(a)(1). Because there is no complete diversity, this court does not have subject-matter jurisdiction. Remand is warranted.

---

[2] Counsel has since learned Mr. Spiegel resides in California. Plaintiff's allegation concerning his residence will be corrected in an amended pleading. Remand is still required because the Defendant Kearns also resides in California and diversity, therefore, does not exist.

6

### C. Plaintiff Adam Spiegel Is a Proper and Necessary Party.

Under Rule 19 of the Federal Rules of Civil Procedure, a party is a necessary and proper party if that party has a substantial interest in the subject matter of the action. *See Delta Financial Corp. V. Paul D. Comanduras & Assoc., 973 F.2d 301 (4th Cir. 1992).* "The same principle applies to suits arising out of disputes between multiple claimants to a common fund; all such claimants must be joined if feasible." *Id. at 305;* See *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-39, 97 S.Ct. 2061, 2070-71, 52 L.Ed.2d 707 (1977).

Plaintiff Adam Spiegel is a beneficiary of the Admiration M Trust. Complaint, § 16. As such, his interest could be adversely affected by the final resolution of the entitlement to the TD Ameritrade funds. If the Trust is ultimately entitled to the funds, Mr. Spiegel's distributive share of the TD Ameritrade funds, prior to the deduction of trust expenses, would be approximately Fifty-Four Thousand Dollars ($54,000.00). Plaintiff Adam Spiegel is a claimant to the common fund held by Defendant TD Ameritrade vis-a-vis his status as beneficiary of the Trust. Moreover, Mr. Spiegel, as an intended third-party beneficiary of the Trust and Marital Agreement, may assert his own claims against the Defendants Kearns and Scott arising out of the same set of operative facts as alleged in the Plaintiffs' complaint. Complaint ¶¶ 18, 26, and 27.

Defendants Kearns' and Scott's allegation of fraudulent joinder is a bare allegation, unsupported by any evidence.[3] Mr. Spiegel's joinder as a plaintiff is not fraudulent. Rather, he is a necessary and proper party whose joinder is required. As a result, complete diversity of citizenship is lacking, and remand is warranted.

**IV.  REQUEST FOR ATTORNEYS' FEES**

Under 28 U.S.C. § 1447(c) the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Where, as here, it is obvious from the face of the complaint, that diversity of citizenship did not and could not exist, the removal was so fatally flawed that the Court should exercise its discretion an award Plaintiffs their costs and attorneys' fees incurred in responding the removal petition.

**V.  CONCLUSION**

The Defendants Kearns' and Scott's removal petition is fatally flawed on two grounds, either of which warrants remand.

---

[3] Fraudulent joinder places a heavy burden on the party seeking to invoke it. "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp*, 707 F.2d 201, 205 (5th Cir. 1983); *see also Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir. 1962)(claim of fraudulent joinder must be pleaded with particularity supported by clear and convincing evidence).

8

Case 1:19-cv-00748-NCT-JEP   Document 4   Filed 07/26/19   Page 8 of 12

First TD Ameritrade, a necessary party, has not been joined in this removal petition; and second, Plaintiff Adam Spiegel is a necessary and proper party whose presence means diversity of citizenship does not exist. Defendant TD Ameritrade, Inc. was properly served almost a week before the removal petition was filed, and by these Defendants' own admission, did not join in the removal petition.  Further, Plaintiff Adam Spiegel is a necessary and proper party plaintiff who resides in the same state as a defendant so there is an absence of complete diversity.

It is the removing party's burden to show removal is proper. These Defendants have not and cannot meet their burden.  Taking the facts in the complaint as true and resolving all doubts in favor of remand as the standard requires, remand is necessary and proper.  For these reasons Plaintiffs' Motion for Remand should be granted.

Respectfully submitted, this the 26th day of July, 2019.

/s/ Scott K. Tippett

Scott K. Tippett
NC State Bar No.  22488
HAGAN BARRETT, PLLC
300 N. Greene St., Suite 200
Greensboro, NC 27401
Telephone: (336) 232-0650
Facsimile:  (336) 232-0651
Email: stippett@haganbarrett.com

Counsel for the Plaintiffs
Cynthia Barbour and Julia Lunn

9

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the word count for this memorandum is less than 6,250 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of the word-processing system used to prepare the brief.

This the 26th day of July, 2019.

/s/ Scott K. Tippett
Scott K. Tippett
NC State Bar No.  22488
HAGAN BARRETT, PLLC
300 N. Greene St., Suite 200
Greensboro, NC 27401
Telephone: (336) 232-0650
Facsimile:  (336) 232-0651
Email: stippett@haganbarrett.com

Counsel for the Plaintiffs
Cynthia Barbour and Julia Lunn

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiffs' Memorandum in Support of Motion for Remand was electronically filed with the Clerk of Court using the CF/ECF system, which will automatically send notification of filing to the following counsel of record: and was served on counsel for the Defendants via United States Mail by placing the same in a first-class postage prepaid envelope, addressed as follows:

> B. Tyler Brooks
> Law Office of B. Tyler Brooks
> 4050 Yellowfield Way
> Cary, North Carolina 27518
>
> *Counsel for the Defendants*
> *Steven Kearns and Lauren Scott*

The undersigned certifies that the foregoing Plaintiffs' Memorandum in Support of Motion for Remand and was served on the following parties via email and United States Mail (Adam Spiegel) and facsimile and United States Mail (TD Ameritrade, Inc.) by placing the same in a first-class postage prepaid envelope, addressed as follows:

> Email: (redacted at this Plaintiff's request)
> Plaintiff Adam Spiegel
> 4078 Farmouth Drive
> Los Angeles CA 90027

```
            Facsimile (402) 970-8420 and (866) 468-6268
            TD Ameritrade, Inc.
            c/o Incorporating Services, Ltd.
            Its registered agent for North Carolina
            176 Mine Lake Ct. Suite 100
            Raleigh, NC 27615
```

This the 26th day of July, 2019.


                              /s/ Scott K. Tippett
                              Scott K. Tippett
                              NC State Bar No.  22488
                              HAGAN BARRETT, PLLC
                              300 N. Greene St., Suite 200
                              Greensboro, NC 27401
                              Telephone: (336) 232-0650
                              Facsimile:  (336) 232-0651
                              Email: stippett@haganbarrett.com

                              Counsel for the Plaintiffs
                              Cynthia Barbour and Julia Lunn